UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARMANDO MINERO-REGALADO, | ) | 1:11-cv-00683 AWI MJS HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS |
| | ) | |
| | ) | (Doc. 1) |
| MICHAEL L. BENOV, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## I.   INTRODUCTION

Plaintiff is a federal prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

The instant Petition for Writ of Habeas Corpus was filed on April 29, 2011. (Pet., ECF No. 1.) The petition challenges the findings of two separate disciplinary hearings held on the same date. (Id. at 21-26.) On October 26, 2010, Petitioner was found guilty of offense code 305, Possession of Unauthorized Items and offense code 206, Making Sexual Proposals or Threats to Another. Petitioner raises two challenges to the disciplinary proceedings. First, Petitioner asserts that his due process right were violated by failure to provided him notice that his conduct violated prison rules regarding possession of unauthorized items. Further, he claims that his due process was violated by the presentation of false statements and evidence with on the charge of making sexual threats to another.

///

## II. FACTUAL SUMMARY

### A. Possession of Unauthorized Items

On September 12, 2010, Petitioner received an incident report for a violation of code 305, Possession of Unauthorized Items. (Pet. at 21-23.) Prohibited Act Code section 305, set forth in 28 C.F.R. § 541.3, is referred to as "Possession of anything not authorized for retention or receipt by the inmate, and not issued to him through regular channels," and denominated as a "moderate severity level prohibited act." Petitioner was given advanced notice of the hearing, and on September 14, 2010, Petitioner was advised of his rights. (Id.)

On October 26, 2010, the disciplinary hearing was held. (Id.) The Disciplinary Hearing Officer ("DHO") was presented evidence in the form of an incident report from correctional officer Garcia. The officer stated in the report that while conducting inventory of Petitioner's items on September 12, 2010, she found medical supplies including over 30 adhesive bandages, gauze, iodine swabs, and zinc ointment. A photograph of the items was entered into evidence. At the hearing, Petitioner admitted that he was given the supplies for an ingrown toenail over a year ago.

Based on the relevant evidence presented at the hearing, the DHO found Petitioner guilty of the offense. The DHO relied on the fact that while Petitioner was given the supplies by the medical office, he should have disposed of them after they were no longer needed. Continued possession of the items was without authorization. The DHO sanctioned Petitioner with 13 days disallowance of good conduct time. (Id.)

In his petition, Petitioner asserts that his due process was violated as he was not given sufficient notice that he was no longer able to possess the medical supplies.

### B. Making Sexual Proposals and Threats

On September 12, 2010, Petitioner received another incident report for a violation of code 206, "Making Sexual Proposals or Threats to Another. (Pet. at 24-26.) Prohibited Act Code section 206, set forth in 28 C.F.R. § 541.3, is denominated as a "high severity level prohibited act." Petitioner was given advanced notice of the hearing, and on September 14, 2010, Petitioner was advised of his rights. (Id.)

On October 26, 2010, the disciplinary hearing was held. (Id.) The DHO was presented evidence in the form of an incident report from correctional officer Ruiz. The officer stated in the report that while conducting count, she looked into Petitioner's cell and observed him masturbating. (Id.)

At the hearing, Petitioner made the following statement: "I don't remember doing that. If I was doing that why didn't she get my attention and tell me. I don't remember that, I was in a deep sleep. I think that is embarrassing, I would never do that. I don't understand why she would say that." (Id.) Petitioner's cell-mate was also called as a witness at the hearing. He stated, "I was asleep laying in the upper bunk, I didn't see him masturbate. I couldn't allow him to be doing that while he is my cellie. It is possible I did not see him cause I was in the upper bunk." (Id.)

Based on the relevant evidence presented at the hearing, the DHO found Petitioner guilty of the offense. The DHO relied on the fact that the female staff member clearly saw Petitioner masturbating. The DHO also found that Petitioner's statements were not reliable as the reason that he did not remember the incident was that he did not want to remember the incident because he was embarrassed by his actions. (Id.)  The DHO sanctioned Petitioner with 27 days disallowance of good conduct time, 15 days of disciplinary segregation, and six months loss of commissary privileges. (Id.)

In his petition, Petitioner asserts that his due process rights were violated by the officer providing a false report regarding the disciplinary violation.

**II.   JURISDICTION**

    **A.   Subject Matter Jurisdiction**

Relief by way of a writ of habeas corpus extends to a prisoner in custody under the authority of the United States who shows that the custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Although a federal prisoner who challenges the validity or constitutionality of his conviction must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a federal prisoner challenging the manner, location, or conditions of the execution of a sentence must bring a petition for writ of habeas corpus under

28 U.S.C. § 2241. <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864-65 (9th Cir. 2000).

Petitioner asserts that, as a result of adverse rulings in the prison disciplinary proceedings, he suffered violations of his rights as guaranteed by the United States Constitution. As a result of each of the hearings, Respondent sanctioned Petitioner with disallowance of good conduct time.

"Habeas corpus jurisdiction is available under 28 U.S.C. section 2241 for a prisoner's claims that he has been denied good time credits without due process of law." <u>Bostic v. Carlson</u>, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 487-88 (1973)). Accordingly, the Court concludes that it has subject matter jurisdiction over the petition.

**B.**     **Jurisdiction Over the Person**

Title 28 U.S.C. § 2241(a) provides that writs of habeas corpus may be granted by the district courts "within their respective jurisdictions." A writ of habeas corpus operates not upon the prisoner, but upon the prisoner's custodian. <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 494-495 (1973). A petitioner filing a petition for writ of habeas corpus under § 2241 must file the petition in the judicial district of the Petitioner's custodian. <u>Brown v. United States</u>, 610 F.2d 672, 677 (9th Cir. 1990). The warden of the penitentiary where a prisoner is confined constitutes the custodian who must be named in the petition, and the petition must be filed in the district of confinement. <u>Id.</u>; <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 446-47 (2004). It is sufficient if the custodian is in the territorial jurisdiction of the court at the time the petition is filed; transfer of the petitioner thereafter does not defeat personal jurisdiction that has once been properly established. <u>Ahrens v. Clark</u>, 335 U.S. 188, 193, 68 S. Ct. 1443, 92 L. Ed. 1898 (1948), overruled on other grounds in <u>Braden</u>, 410 U.S. at 493, citing <u>Mitsuye Endo</u>, 323 U.S. 283, 305 (1944); <u>Francis v. Rison</u>, 894 F.2d 353, 354 (9th Cir. 1990). A failure to name and serve the custodian deprives the Court of personal jurisdiction. <u>Johnson v. Reilly</u>, 349 F.3d 1149, 1153 (9th Cir. 2003).

Here, at all pertinent times, Petitioner was incarcerated at the Taft Correctional Institution (TCI), which is located within the Eastern District of California. Petitioner named

Michael L. Benov, the Warden of TCI, as Respondent.

Accordingly, the Court concludes that it has personal jurisdiction over the custodian.

## III.     SCREENING THE PETITION

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. See Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Here, Petitioner challenges on due process and other grounds two prison disciplinary findings that resulted in loss of good time credit. For each disciplinary violation, Petitioner has provided the Court with a record of the incident report, disciplinary hearing and findings, and the administrative appeals process. (Pet.) Accordingly, Petitioner has provided the Court with all the relevant documentation of the disciplinary proceedings as well as documentation of Petitioner's exhaustion of administrative remedies to allow this Court to determine the merits of the petition at this time.

Accordingly, the Court will proceed to determine on the merits the issues raised by Petitioner on the basis of the documentary record provided by Petitioner.

///

///

## IV. ANALYSIS OF CLAIMS

### B. Violation of Petitioner's Due Process Rights

The law concerning a prisoner's Fourteenth Amendment liberty interest in good time credit is set forth in Wolff v. McDonnell, 418 U.S. 539 (1974). While the United States Constitution does not guarantee good time credit, an inmate has a liberty interest in good time credit when a state statute provides such a right and delineates that it is not to be taken away except for serious misconduct. See id. at 557 ("It is true that the Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison. But here the State itself has not only provided a statutory right to good time but also specifies that it is to be forfeited only for serious misbehavior."); id. ("[T]he State having created the right to good time and itself recognizing that its deprivation is a sanction authorized for major misconduct, the prisoner's interest has real substance …."); id. at 558 (holding that "[s]ince prisoners in Nebraska can only lose good-time credits if they are guilty of serious misconduct, the determination of whether such behavior has occurred becomes critical, and the minimum requirements of procedural due process appropriate for the circumstances must be observed").

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff, 418 U.S. at 539. Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), citing Superintendent, etc. v Hill, 472 U.S. 445, 454-455 (1984).

When a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567.

In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455, citing United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927). In Hill, the United States Supreme Court explained that this standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced . . ." Id. "Ascertaining whether this standard is satisfied does not require an examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Hill, 472 U.S. at 456. Instead, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-456. The Court justified this lesser standard as follows:

> We decline to adopt a more stringent evidentiary standard as a constitutional requirement. Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances. The fundamental fairness guaranteed by the Due Process Clause does not require the courts to set aside decisions of prison administrators that have some basis in fact. Revocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence applies in this context.

Id. at 456. (Citations omitted.)

"The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." Hill at 457. Even where, as in Hill, the evidence in the case "might be characterized as meager," if "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary," those findings must be upheld. Id. Thus, if the procedures listed above are afforded to an inmate, and "some evidence" supports the hearing officer's decision, the requirements of due process are satisfied. Hill, 472 U.S. at 455; Bostic v. Carlson, 884 F.2d at 1269-1270.

On October 26, 2010, the disciplinary hearings were held. (Pet. at 9-11.) On November 3, 2010, the DHO issued written decisions in each case, which were served on Petitioner on November 23, 2010. (Id.) After reviewing all of the evidence, the DHO found Petitioner guilty of committing both prohibited acts. The finding were based on the information submitted by the correctional officer, statements of Petitioner and other relevant evidence. (Id.)

### 1.     Possession of Medical Supplies

With regard to the violation of possession of an unauthorized item, the evidence presented at the disciplinary hearing and relied upon by the DHO included an incident report filed by Officer Garcia. (Pet. at 22.) According to the report, the officer found the medical supplies while conducting an inventory of Petitioner's property. Further, the DHO relied on testimony at the hearing where Petitioner admitted that the medical supplies were in his possession. (Id.) In finding Petitioner guilty, the DHO specifically relied on Petitioner's admission that he possessed the medical supplies. (Id.) Concluding that Petitioner continued to possess the items after he no longer needed them, he was no longer authorized to have them. Accordingly, the DHO found the evidence supported finding Petitioner guilty of the offense of possession of unauthorized items.  (Id.)

The Court finds that "some evidence" exists to support a finding that Petitioner had committed the prohibited act of possession of unauthorized items. The DHO found that even if the statements of the Petitioner were true, that his possession of the medical supplies was some evidence of possession of unauthorized items. Accordingly, the "some evidence" standard has been met. See Hill, 472 U.S. at 455. The fact that Petitioner's assertion that his actions did not constitute possession of unauthorized items does not alter the conclusion that the DHO's decision was supported by "some evidence." Accordingly, Petitioner's due process claim with regard to this violation  lacks merit.

### 2.     Does the BOP Regulations Provide Adequate Notice?

Petitioner argues that  Prohibited Act Code section 305 did not provide him sufficient notice that his conduct was prohibited. Specifically, he contends that the regulation failed to give him notice that the continued possession of medical supplies could subject Petitioner to a disciplinary violation for possession of contraband. (See Pet. at 3-4.) The Court liberally construes this as a claim that Code 305 is unconstitutionally vague as applied to Petitioner's conduct.

"Due process requires fair notice of what conduct is prohibited before a sanction can be imposed." Newell v. Sauser, 79 F.3d 115, 117 (9th Cir. 1996) (citing Grayned v. City of

Rockford, 408 U.S. 104, 108 (1972)). While "[d]ue process undoubtedly requires certain minimal standards of specificity in prison regulations," "the degree of specificity required of such regulations is [not] as strict in every instance as that required of ordinary criminal sanctions." Meyers v. Alldredge, 492 F.2d 296, 310 (3d Cir. 1974); see also Adams v. Gunnell, 729 F.2d 362, 369-70 (5th Cir. 1984). In the prison context, "'the law requires less in the way of notice, and places a greater burden on the individual to make inquiry or ask permission before acting.'" Meyers, 492 F.2d at 311 (quoting Landman v. Royster, 333 F.Supp. 621, 655-56 (E.D. Va. 1971)). Federal courts defer to prison authorities' interpretation of prison rules "unless fair notice was clearly lacking." Hadden v. Howard, 713 F.2d 1003, 1008 (3d Cir. 1974).

Under the circumstances here, fair notice was not clearly lacking. The BOP promulgated regulations pertaining to "Possession of anything not authorized for retention or receipt by the inmate, and not issued to him through regular channels." See 28 C.F.R. § 541.3. The regulations puts a reasonable prisoner on reasonable notice that the retention of unauthorized property may subject him to sanction. Based on such regulations, a reasonable prisoner would conclude that retaining medical supplies that prisoners are not normally given may result in a disciplinary violation. That the regulation does not delineate each and every possible variation of possession or retention of unauthorized items does not render it impermissibly vague. Code 305 was not drawn with such generality that Petitioner did not have fair notice that his conduct could violate the rule. See Cowan v. Sanders, 2010 U.S. Dist. LEXIS 15211, *11-13 (C.D. Cal. Jan. 19, 2010). Because Code 305 was sufficient to satisfy the due process requirement of fair notice in the prison context, habeas relief is unwarranted on this claim.

### 3. Sexual Proposals or Threats

With regard to the violation of making sexual proposals or threats to another, the evidence presented at the disciplinary hearing and relied upon by the DHO included an incident report filed by Officer Ruiz. (Pet. at 25.) According to the report, while conducting count, the officer observed the Petitioner masturbating. At the hearing, Petitioner denied the

U.S. District Court
E. D. California

-9-

charges, and stated that he did not remember committing such an act. (Id.) In finding Petitioner guilty, the DHO specifically relied on statement of the correctional officer and doubted the reliability of Petitioner's account of the events. Accordingly, the DHO found the evidence supported finding Petitioner guilty of the offense of making sexual proposals or threats to another. (Id.)

The Court finds that "some evidence" exists to support a finding that Petitioner had committed the prohibited act of making sexual proposals or threats to another. The DHO found the statements from the correctional officer that observed him masturbating to be reliable. Accordingly, the "some evidence" standard has been met. See Hill, 472 U.S. at 455. While the evidence was not overwhelming, the DHO's determination "was not so lacking in evidentiary support as to violate due process." Id. at 457. Accordingly, Petitioner's due process claim with regard to this violation lacks merit.

Petitioner asserts that the officer did not observe Petitioner masturbating and instead fabricated the incident. Petitioner requests this Court to make an independent assessment of the credibility of the witness' testimony, which is not part of the federal inquiry. See Hill, 472 U.S. at 456. It is the role of this Court to determine that the DHO's decision relied on "some evidence," not question the DHO's determination of the reliability of the evidence that was presented. Accordingly, Petitioner's claim is without merit.

## V.     RECOMMENDATION

For the reasons discussed herein, the Court RECOMMENDS that petition be DISMISSED with prejudice.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three days if served by

mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 30, 2011                    /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE